UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| KEITH S. MORRIS, | |
|---|---|
| Plaintiff, | |
| -against- | 20-CV-2015 (LLS) |
| THE UNITED STATES OF AMERICA (GOV), et al., | ORDER |
| Defendants. | |

LOUIS L. STANTON, United States District Judge:

By order dated November 6, 2020, the Court dismissed this action without prejudice under 42 U.S.C. § 405(g), and on November 10, 2020, the Clerk of Court entered judgment. (ECF 11-12.) Following this dismissal, on March 16, 2021, Plaintiff filed a motion to compel the U.S. Department of Labor (DOL) to release his insurance benefits. (ECF 16.) On April 8, 2021, the Court construed the motion as a motion for reconsideration of the order of dismissal, and denied the motion. (ECF 18.) Plaintiff then filed, on May 13, 2021, a notice of appeal and a motion for an extension of time to file a notice of appeal where Plaintiff sought to appeal the order of dismissal. (ECF 19-20.) For the following reasons, the Court denies the motion.

Under the Federal Rules of Appellate Procedure, a party must file a notice of appeal within 30 days of an order or judgment that has been entered by the court. *See* Fed. R. App. P. 4(a)(1)(A). Here, the Clerk of Court entered the order of dismissal and judgment on November 10, 2020. Accordingly, Plaintiff had until December 10, 2020, to file a notice of appeal. As he filed the notice of appeal on May 13, 2021, the notice is untimely.

Plaintiff also has filed a motion for an extension of time to file his notice of appeal. Such a motion must be filed within 30 days of the date the time to file a notice of appeal expires. *See*

Fed. R. App. 4(a)(5)(A)(i), (ii). Here, that date fell on January 10, 2021.[1] Because the motion was not filed within the 30-day period, the motion is also untimely.[2]

Even if this Court were to find that Morris did not receive notice of the March 10, 2020 judgment until April 24, 2021 (as Morris claims), because it was sent to Apt. 18H instead of Apt. 14H and returned, his request for permission to appeal would still be untimely because it was filed 19 days after he received notice, which is more than the 14 days allowed by Fed. R. App. 4(a)(6).

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal (ECF 19). The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: May 28, 2021
        New York, New York

                                                      _Louis L. Stanton_
                                                             Louis L. Stanton
                                                                 U.S.D.J.

---

[1] The last day of the 30-day period in which Plaintiff could file a motion for an extension of time actually fell on Sunday, January 9, 2021. Because the last day of that period fell on a Sunday, the period was extended to the next court business day, Monday, January 10, 2021. *See* Fed. R. App. P. 26(a)(1)(C).

[2] If a party files a Rule 59(e) motion within 28 days of the date judgment is entered, the time to file a notice of appeal does not begin to run until the entry date of the order disposing of the Rule 59(e) motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Here, Plaintiff did not file a timely Rule 59(e) motion.