UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH S. MORRIS,<br><br>                    Plaintiff,<br><br>         -against-<br><br>THE UNITED STATES OF AMERICA (GOV), et al.,<br><br>                    Defendants. | 20-CV-2015 (LLS)<br><br>ORDER |

LOUIS L. STANTON, United States District Judge:

    Plaintiff proceeds in this matter *pro se* and *in forma pauperis*. Plaintiff filed this action on March 5, 2020, invoking 42 U.S.C. § 405(g), as a basis for this court's jurisdiction of the action. (ECF 2.) By order dated May 5, 2020, the Court granted Plaintiff leave to file an amended complaint to allege facts showing that he exhausted his administrative remedies with the Social Security Administration ("SSA"). (ECF 7.) Plaintiff filed an amended complaint (ECF 10) but did not state any facts suggesting that he exhausted his remedies with the SSA. The Court dismissed the action without prejudice on November 6, 2020. (ECF 11.)

    Following this dismissal, Plaintiff filed a motion to compel on March 16, 2021, which the Court construed as a motion for reconsideration, and denied the motion. (ECF 16, 18.) On May 13, 2021, Plaintiff filed a late notice of appeal and a motion for an extension of time to file an untimely appeal, which the Court denied on May 28, 2021. (ECF 19-21.) On June 29, 2021, the Court of Appeals dismissed Plaintiff's appeal, issuing its mandate on August 3, 2021. (ECF 22.)

    On February 23, 2023, Plaintiff filed a "motion to vacate judgment on grounds of newly discovered evidence." (ECF 24.) As set forth below, the Court denies the motion.

## DISCUSSION

Under Fed. R. Civ. P. 60(b)(2), a party may seek relief from a district court's order or judgment if the party shows that newly discovered evidence could not have been discovered in time to move for a new trial under Rule 59(b). Such a motion must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The Clerk of Court entered the order of dismissal on November 10, 2020. (ECF 12.) Accordingly, this motion is untimely.

Even if the motion were not untimely, the Court concludes that the motion must be dismissed because Plaintiff does not assert any facts suggesting that newly discovered evidence warrants vacating the Court's order of dismissal.

## CONCLUSION

The Court denies Plaintiff's motion to vacate judgment. (ECF 24).

This action is closed, and no further documents shall be accepted by this court's Clerk's Office, except documents titled for the United States Court of Appeals for the Second Circuit.

SO ORDERED.

Dated:   May 12, 2023
         New York, New York

                                              _Louis L. Stanton_
                                              Louis L. Stanton
                                              U.S.D.J.